**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER ANTONIO AMADOR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:09-CV-310-A** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Christopher Antonio Amador, TDCJ #1368592, is in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Snyder, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice,

Correctional Institutions Division.

### C. FACTUAL AND PROCEDURAL HISTORY

On May 5, 2006, a jury found Amador guilty of delivery of a controlled substance in Tarrant

County, Texas, and the trial court assessed his punishment at 30 years' confinement.  (Clerk's R. at 116)  The Second District Court of Appeals of Texas affirmed the trial court's judgment on November 29, 2007.  *Amador v. Texas*, No. 02-06-261-CR, slip op. (Tex. App.–Fort Worth Nov. 29, 2007).  Amador did not file a petition for discretionary review; thus his conviction became final under state law on Monday, December 31, 2007.[1]  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  On February 9, 2009, Amador filed a state application for writ of habeas corpus, raising the issues presented herein, which was denied without written order by the Texas Court of Criminal Appeals on April 8, 2009.  This federal petition for writ of habeas corpus was filed by Amador on May 28, 2009.[2]  As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which Amador did not timely reply.

### D.  ISSUES

Amador raises two grounds challenging his conviction and his enhanced sentence.  (Petition at 7)

### E.  STATUTE OF LIMITATIONS

Thaler argues that Amador's petition should be dismissed with prejudice because his petition is barred by the statute of limitations.  (Resp't Preliminary Response at 3-6)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  Section 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of

---

[1]December 29, 2007, fell on a Saturday.  Therefore, Amador's conviction did not become final until Monday, December 31, 2007.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, Amador's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on Monday, December 31, 2007, and closed on December 31, 2008, absent any tolling.  *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  Amador's state habeas application filed on February 9, 2009, after the statute of limitations had already expired, did not operate to toll the running of the federal period for purposes of § 2244(d)(2).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor

has Amador alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Amador claims he first discovered on January 1, 2009, that the state's notice of intent to seek an enhanced sentence as provided by § 12.42(d) of the Texas Penal Code was not authorized by law.  However, as a matter of statutory or equitable tolling, Amador could have discovered the factual and legal predicate for his claims with due diligence at the time of his sentencing.

Amador's federal petition was due on or before December 31, 2008.  Accordingly, his petition filed on May 28, 2009, is untimely.

## II.  RECOMMENDATION

Amador's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 9, 2009.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 9, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 18, 2009.

　　　　　/s/　　Charles Bleil　　　　　　　　　
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE