

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 19 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| CHRISTOPHER ANTONIO AMADOR, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-310-A |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

<u>O R D E R</u>

Came on for consideration the above-captioned action wherein Christopher Antonio Amador ("Amador") is applicant and Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] On September 18, 2009, United States Magistrate Judge Charles Bleil issued his proposed findings, conclusions, and recommendation ("FC&R"), and ordered parties to file objections, if any thereto, by October 9, 2009. Amador timely filed his objections. Respondent has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a <u>de novo</u> determination of those portions of the proposed findings,

---

[1]The title of the document filed by Amador was "Petition for Writ of Habeas Corpus by a Person in State Custody," and Amador referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed as an "application" and is referring to Amador as "Amador" or "applicant."

conclusions, and recommendation to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

As chronicled in the FC&R, Amador's conviction became final on December 31, 2007. The statute of limitations for filing a motion for post-conviction relief lapsed one year later, on December 31, 2008. <u>See</u> 28 U.S.C. § 2244(d)(1). Amador filed the instant application on May 28, 2009, claiming that the State unlawfully enhanced his sentence under § 12.42(d) of the Texas Penal Code. Although Amador claimed in his application that he did not discover the factual and legal predicate for his claims until January 1, 2009, the magistrate judge found that Amador was not entitled to equitable tolling of the limitations period and concluded that his application was therefore time barred. In his objections to the FC&R, Amador reiterates his contention that he did not discover the factual and legal predicate for his claims until January 2009 and adds that he could not do so because the judge, prosecutor, and his own attorney engaged in "misleading conduct" and "fraudulently concealed" that his enhanced sentence was "a sentence and punishment not authorized by law." Objections at 2-3. However, Amador points to no evidence in the state court record that supports these allegations, and the court need not consider such conclusory objections. <u>See</u> <u>Battle</u>, 834 F.2d at 421.

Therefore,

The court accepts the recommendation of the Magistrate Judge and ORDERS that Amador's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time barred.

SIGNED November 19, 2009.

JOHN McBRYDE
United States District Judge

3